M’Girk, C. J.,
delivered the opinion of the Court
This vvas an action of assumpsit, for money had and received. The declaration charges, that defendant received of the intestate, in his lifetime, certain sums of money, to the use of the intestate, &c.
The first plea is non-assumpsit; the second, payment on the first day of June, in the year 1822. Issue is taken on the first plea, and it is found for plaintiff. To the second plea, there is a replication, that the defendant did not, on the first of June, 1822, pay said sum of money. This plea is found for the plaintiff also. Judgment was entered for the plaintiff; to reverse which, the cause is brought to this Court.
By the hill of exceptions, it appears that the defendant, Bird, in the year 1819, made the following instrument in writing: “ Be it known, to whom it shall concern, that I, Thompson Bird, by virtue of a power of attorney, from Abraham Bird, of Baton Rouge, have sold to Elias Keclor, of St. Louis, the one half of the ground located by virtue of a New Madrid certificate, No. 379, for 640 acres, dated June 19th, 1818, and located to embrace the whole of fractional section 28 and 21, and as much of the east half of section 29, T. No. 57, north of the base line, range No. 4, west of the 5th principal meridian, as will include the said quantity of 640 acres, for the sum of nine hundred and sixty dollars. In consideration of which, I, the said Thompson Bird, do hereby bind the said Abraham Bird, to make a good and sufficient deed of general warranty, to the said Elias Rector, for the said one half of six hundred and foity acres, as soon as the patent for the same eari be obtained from the United States, and at all events, within fifteen months from this date. In witness, I, the said Thompson Bird, have hereunto set the hand and seal of the said Abraham Bird. ABRAHAM BIRD. (Seal.)”
Thompson Bird claimed to he the attorney in fact of Abraham Biid, under the following power of attorney, to wit:
“ Baton Rouge, February 6th, 1817.
Know all men whom it may concern, that I, Abraham Bird, do nominate and appoint Thompson Bird, as my true and lawful attorney, to act in all my business, in ail concerns, as if I was present myself, and to stand good in law, in all my laud and, other business in the Missour. Territory: this I acknowledge to be my lull power invested in him, as witness my hand and seal, this day and date, &c.
ABRAHAM BIRD. (Seal.)”
In this case, there are many errors assigned, chiefly growing out of the effect of this power of attorney. We will not notice the errors, in the order in which they *457 have been assigned, but will notice three points in this case only. The first, did this power of attorney authorize Thompson Bird to sell land, or to make a covenant for the sale, so as to bind his principal; and if it did not, what is the consequence? Secondly, can the power of attorney he helped out by parol testimony, so as to enlarge its effect, over and above the effect apparent on the power itself? Thirdly, was the issue on the plea of payment immaterial ? All other points in this case are subordinate to these three, and are, substantially, contained in them. As to the first point, we have not seen an adjudged case like it. The rule of law is, that naked power, without an interest coupled therewith, is to be strictly pursued. The rules, however, of arriving at the quantity of power granted, are the same as would prevail in the construction of any other deed, namely, most strictly against the grantor, where the words are ambiguous in themselves; but the words in a deed are to be understood according to their ordinary acceptation.
The operative words in the power are, that Thompson Bird is attorney for Abraham Bird, in all his business, and all his concerns, as if he, Abraham Bird, were personally present, and to stand good in law, in all Abraham Bird’s lands and other business, in Missouri Territory. We are entirely at a loss to know what effect this power of attorney is to have. Shall we say that this gives any power to sell land, or to make any covenant for the sale of land? The power does not give the least hint as to what this business is. Shall we then guess at it ? And if the Court should undertake to guess, we might entirely fail. There is such a thing as a power of attorney being void, for uncertainty ; and this one is nearly so. At all events, wd are clearly of opinion, that this instrument gives no power to sell land. It may, perhaps, give authority to pay taxes, and take possession of land, but not much else. The next question is, can parol testimony he admitted, to enlarge the powers of a written instrument ? We believe that no case can he found, which proceeds on legal principles, that will go as far as asked for in this case. Let us see what is proposed to be done in this case. The power of attorney gives full power to do something, and here stops. The testimony proposes to show what the thing is, which is to be done. If this is admitted, the power or authority will consist of part written evidence, and part unwritten. Where shall one be directed, if this is the law, to find the unwiitten part of the power. It seems, the bare statement of this proposition is enough to induce the Court to resist the evidence ; but on this point, we aro not without authority. It is said, in Phil. Evidence, 423, that parol evidence cannot be admitted to contradict, add to, or vary, the terms of a will or deed, or other written instrument: see also same hook, 424, where it is said, in an action on a bond, a party will not be permitted to show a condition different from that expressed in the bond; and a conveyance cannot be averred by parol tobe to another use or intent than that expressed in the conveyance. This is the rule of law; hut there may be some exceptions. One is, where the deed is impeached for fraud; hut the case before us is not that case. Upon this point, we are with the defendants in error. The next question is, is the issue on the plea of payment immaterial? The authorities cited by the plaintiff in error, do not support the position taken by him. This plea is a plea of solvit ad diem. The replication is, non solvit ad diem. The plaintiff argues, he might have paid a less sum at another day. Suppose he proved a less sum on that day; the consequence in law would he, that the jury should allow him for it. And suppose he paid it before the day, this would be good evidence to support the plea solvit ad diem. In Ckitty, 555, it is said, the only replication to a plea solvit *458 ad, or post diem, is a denial of the payment. There is a case put in the books of this kind: the money is due on the 1st of June; plea,payment on the 5th June; replication, no payment on the 5th June. This is holden to he an immaterial issue; hut this case is different, and, upon the whole of this matter, we are clear that the issue is well enough.
The judgment of the Court below is affirmed, with five per cent, damages.